IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA      )
                                )
    v.                        )     Case No. 3:22-cr-97-RAH-SMD
                                )
KAHLIA WASHINGTON         )

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Defendant Kahlia N. Washington ("Washington") is charged with conspiring to distribute and possessing with intent to distribute 5 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Indictment (Doc. 1) pp. 1-4. Before the Court is Washington's Motion to Sever (Doc. 88) her trial from co-defendants pursuant to Federal Rule of Criminal Procedure 14. As explained below, the undersigned recommends that Washington's Motion be denied.

## I.    APPLICABLE LAW

Federal Rule of Criminal Procedure 8(b) governs joinder of defendants in the same indictment. Rule 8 provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). Although "[i]t is preferable for persons who are charged together to also be tried together, particularly in conspiracy cases,"[1] Federal Rule of Criminal Procedure 14 allows a district court to order

---

[1] *Skillern v. United States*, 2021 WL 3047004, at *16 (11th Cir. Apr. 16, 2021) (citing *United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997)). *See also United States v. Kopituk*, 690 F.2d 1289, 1318 (11th Cir. 1982) ("Because it was necessary to prove the existence of the criminal enterprise and underlying

separate trials when there are multiple defendants charged in the same indictment if a defendant would be prejudiced by a joint trial. FED. R. CRIM. P. 14(a) ("If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . , the court may . . . , sever the defendants' trials, or provide any other relief that justice requires.").

Severance is warranted "only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Relevant here, severance may be appropriate if a co-defendant would provide exculpatory testimony in a separate trial but will not testify in a joint setting. *United States v. Chavez*, 584 F.3d 1354, 1360-61 (11th Cir. 2009). To obtain severance on that ground, the moving defendant must demonstrate: "(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant would indeed testify at a separate trial." *United States v. Green*, 818 F.3d 1258, 1280-81 (11th Cir. 2016) (quoting *United States v. Novaton*, 271 F.3d 968, 989 (11th Cir. 2001)). If the defendant makes this showing, the district court must: "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." *Green*, 818 F.3d at 1280 (quoting *Novaton*, 271 F.3d at 989). In determining whether to sever, the district court "is required to balance any

---

conspiracy with respect to each defendant, a substantial portion of the government's proof would necessarily have had to be repeated for each defendant who was granted a separate trial. The interest of judicial economy was thus well-served by proceeding with a joint trial.").

. . . prejudice [to the defendant] against the interests of judicial economy, a consideration involving substantial discretion." *United States v. McGuire*, 608 F.2d 1028, 1031 (5th Cir. 1979).[2]

## II.    ANALYSIS

Washington argues that her trial should be severed because "[t]here is a strong possibility that the [c]o-defendants will not testify at trial[.]" Mot. (Doc. 88) p. 3. Washington speculates that, "[i]f that is the case, . . . she will not be able to call a [c]o-defendant as a witness to testify in her defense to the charge" against her. *Id.* She claims that she "will be prejudiced if she is forced to trial with other co-defendants for a lengthy trial where she is not afforded a complete defense and the jury is prevented from making an individualized determination of guilt." *Id.* at 3-4.

Washington's conclusory assertions of prejudice are insufficient to warrant severance of her trial. Notably, Washington provides no support for her argument—via affidavit or otherwise—that a joint trial would prejudice her and her defense. Indeed, she does not provide the Court with any indication as to the substance of any co-defendant's testimony or how such testimony would aid her defense. *See United States v. DeSimone*, 660 F.2d 532, 540 (11th Cir. 1982) (denying motion where the affidavit of a co-defendant contained no "specific and exonerative facts" to which he would testify). Further, she does not demonstrate a bona fide need for the testimony of a co-defendant nor does she show that any co-defendant would testify at a separate trial if given the chance. Because

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

Washington has wholly failed to meet her burden of showing that her trial should be severed, her Motion (Doc. 88) should be denied.

## III.   CONCLUSION

For the foregoing reasons, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Washington's Motion to Sever (Doc. 88) be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 17, 2022.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 3rd day of August, 2022.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE